## ROESCH *v.* BRATFISH.

*Equitable trust—Father sends savings for deposit—Daughter purchases realty in her name.*

A trust will be declared in real estate held by a daughter in her own name which she purchased with money sent to her by her father for the purpose of having her deposit and keep it for him until his return.

(Decided January 3, 1922.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. James G. Stewart* and *Mr. John G. Bammerlin,* for plaintiff.
*Mr. J. S. Hermann,* for defendant.

HAMILTON, P. J.    This case is here on appeal from the court of common pleas of Hamilton county.

The plaintiff, in the amended petition, claims to have forwarded from his residence in the city of San Francisco various sums of money to defendant, his daughter, residing in Cincinnati, for the express purpose of having her deposit and keep the same for him until his return to Cincinnati.   He further claims that the sums of money so sent amounted to a total of $3,000; that the defendant invested $1,950 of this amount in the purchase of certain real estate, known as No. 3056 Bleekman street, in the city of Cincinnati, Ohio, and wrongfully took the title to herself; that the property was purchased with plaintiff's money and actually belongs to him; and he asks that it be so decreed.   He further asks for an accounting of the rents and profits of the real estate, and of the money which

he claims to have forwarded to the defendant for deposit and safekeeping.

Defendant, by general denial, denies all of the allegations of the petition.

It is admitted in the evidence that covering a period of several years the plaintiff did send at different times various sums of money to the daughter.

Plaintiff's testimony is that he worked for more than ten years at a salary of eighteen dollars a week, and lost very little time; that his wants were very meager, and his living expenses while in San Francisco would amount to only three or four dollars a week; that he sent all the rest of his earnings to defendant; and that he now has nothing.

He returned to Cincinnati and went to reside with the defendant, his daughter, after an absence of ten and a half years. After residing with her for a period of time, during which he paid his board, he asked about the money which he had sent, and she took him to the bank and showed him $1,400 in a safety-deposit box.

The defendant testified that the money sent to her by plaintiff, the amount of which she could not state, was a gift; that she showed him the $1,400 in the safety deposit box, and, he thereupon bought an automobile for her at a cost of $700, which was taken out of the $1,400; that in the meantime she used $400 of this money for her household expenses, and that when he left a few months later, she gave him $300, which was the balance of the $1,400. She testifies that she bought the real estate in question with her own money, and paid the purchase price in full and in cash at the time of the purchase; that she had earned the money by working out by the day and trucking in partnership with another party, from

which trucking she received several hundred dollars. Her testimony is not convincing. She states she purchased this real estate in 1915, and paid cash in full, part of which cash came from the trucking business, while she admits in her testimony that her partnership trucking venture was in 1916 and 1917, a year or two after the purchase of the real estate. There is evidence to the effect that she stated that she had received a part of the money, which she used for the purchase of the real estate, through a former husband. She excuses this statement on the ground that her father instructed her not to let the other children know that she was receiving money from him. If this tends to show anything, it tends to show that she had paid the money received from her father for the real estate, and was endeavoring to conceal that fact. Further, she admits that a part of the purchase money came from her father.

The court is convinced that the money for the purchase of the real estate was derived from the plaintiff, and used contrary to his direction. The plaintiff is an old man 73 years of age. He had worked steadily for more than ten years, and sent all his earnings to his daughter to take care of, and it is inconceivable that he would make himself penniless and homeless by giving all his money to his daughter. These facts taken together with the other evidence in the case lead to the conclusion that the money sent was not a gift to the daughter, but that the plaintiff intended that she should take care of it for him; that it was plaintiff's money that purchased the real estate; and that in equity he is entitled to have it decreed to him.

As to the disposition of the $1,400 the evidence is not clear. It would be consistent with the proof to

say that the daughter was authorized to use this money as it was used.

Judgment may be taken decreeing the real estate to the plaintiff.

*Judgment accordingly.*

CUSHING and BUCHWALTER, JJ., concur.